

1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| ALFRED ARRENDELL, | CASE NO. 10-cv-02186 BEN (RBB) |
|---|---|
| Plaintiff, | **ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |
| vs. | |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | [Docket Nos. 3, 8] |

Plaintiff Alfred Arrendell, a state prisoner represented by counsel, filed a Complaint on October 20, 2010, pursuant to 42 U.S.C. § 1983. (Docket No. 1.) Defendants filed a Motion to Dismiss the Complaint on February 23, 2011. (Docket No. 3.) Plaintiff filed an opposition (Docket No. 5), and Defendants filed a reply (Docket No. 6).

Magistrate Judge Ruben B. Brooks issued a thoughtful and thorough Report and Recommendation recommending Defendants' Motion to Dismiss be granted in part and denied in part. (Docket No. 8.) Any objections to the Report and Recommendation were due July 18, 2011. *Id.* Plaintiff did not file any objections. For the reasons that follow, the Report and Recommendation is **ADOPTED**.

A district judge "may accept, reject, or modify the recommended disposition" of a Magistrate Judge on a dispositive matter. FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). "[T]he district judge must determine de novo any part of the [report and recommendation] that has been properly objected to." FED. R. CIV. P. 72(b)(3). However,

"[t]he statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original), *cert denied*, 540 U.S. 900 (2003); *see also Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121. Accordingly, the Court may grant in part and deny in part Defendants' Motion to Dismiss on this basis alone.

In the absence of any objections, the Court fully **ADOPTS** Judge Brooks' Report and Recommendation. Defendants' Motion to Dismiss Plaintiff's second, fifth, and sixth causes of action under the Fourteenth Amendment is **DENIED**. Plaintiff may only assert these allegations to apply the Eighth Amendment to the State of California. Plaintiff's Fourth Amendment claims for excessive force and deliberate indifference alleged in counts one, two, four, five, and six are **DISMISSED** with prejudice because they are subsumed by the Eighth Amendment. Defendants State of California and California Department of Corrections & Rehabilitation ("CDCR") are immune from suit under the Eleventh Amendment. For this reason, the Motion to Dismiss the State of California in counts two, four, five, nine, ten, and eleven is **GRANTED** with prejudice. In addition, the Motion to Dismiss Defendant CDCR in counts two, ten, and eleven is **GRANTED** with prejudice. Defendant Warden Uribe's Motion to Dismiss Plaintiff's monetary claims against him in count six is **DENIED**. All other claims for monetary damages against Uribe, however, are **DISMISSED**. Finally, the Doe defendants are **DISMISSED** from the Complaint.

**IT IS SO ORDERED.**

DATED: July 22, 2011

HON. ROGER T. BENITEZ
United States District Court Judge